# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 7, 2007**

Charles R. Fulbruge III
Clerk

No. 06-60610
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARIO TAYLOR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District District of Mississippi
USDC No. 3:05-CR-150-1

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Mario Taylor appeals his conviction following a jury trial for being a convicted felon in knowing possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and his resulting sentence of 120 months of imprisonment.

Taylor contends that the district court improperly limited his cross-examination of two security guards who testified that they saw him in possession of a gun that he pulled out and started firing in their direction. In order to show bias and prejudice, Taylor sought to question the guards regarding

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the allegedly past violent history associated with the nightclub where the shooting incident occurred. Taylor argued that the guards, one of whom was the owner of the company that provided security to the nightclub, sought to assign responsibility for the gunfire to him because they feared losing their contract with the nightclub if the shooting incident went unsolved. The district court sustained the Government's objection to that line of questioning, noting that the case was about whether Taylor, a convicted felon, was in knowing possession of a firearm.

This court reviews alleged violations of the Sixth Amendment's Confrontation Clause de novo, but subject to a harmless error analysis. United States v. Bell, 367 F.3d 452, 465 (5th Cir. 2004). If there is no Sixth Amendment violation, this court instead addresses whether the district court abused its discretion. United States v. Restivo, 8 F.3d 274, 278 (5th Cir. 1993). The appropriate inquiry is therefore whether the trial court's restrictions on cross-examination impermissibly interfered with the defendant's Sixth Amendment rights, or were otherwise so prejudicial as to result in an abuse of discretion. United States v. Hawkins, 661 F.2d 436, 444 (5th Cir. 1981).

Even if it is assumed that Taylor's rights under the Sixth Amendment's Confrontation Clause were violated and that the district court improperly limited the cross-examination of the two security guards, Taylor has not shown that his substantial rights were affected or, if such rights were not violated, that the restriction of the cross-examination was clearly prejudicial. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). The direct evidence of Taylor's guilt was strong, and the two police officers who ultimately apprehended Taylor corroborated the cumulative testimony of the security guards that Taylor had a handgun in his possession.

Taylor additionally argues that the district court improperly allowed into evidence testimony by the two police officers that Taylor stated while in custody that he would have also shot the police officers if he had more bullets. Taylor's

contention that it is not clear from the evidence whether the statement, if made, was made before he was advised of his Miranda rights is sufficiently contradicted by the testimony of the two officers. Taylor also failed to offer anything other than his own conclusory and self-serving statement to contradict the further testimony of the officers that Taylor voluntarily made the statement. Statements voluntarily made to police officers while a defendant is in custody are not barred by the Fifth Amendment. See United States v. Carpenter, 611 F.2d 113, 117 (5th Cir. 1980).

The district court's judgment is AFFIRMED.